# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00470-RJC-DSC

CASCADE CAPITAL, LLC and
CASCADE CAPITAL, LLC –
SERIES A,

      Plaintiffs,

vs.

DRS PROCESSING LLC d/b/a
MILLER STARK KLEIN &
ASSOCIATES,

      Defendant.

## ORDER AND JUDGMENT

**THIS MATTER** is before the Court on the plaintiffs Cascade Capital, LLC's and Cascade Capital, LLC – Series A's ("Plaintiffs"), Motion for Enforcement of Contempt Order and Request for Additional Sanctions (Doc. No. 41) and Motion for Determination and Award of Damages and Attorneys' Fees (Doc. No. 43), as well as the defendant DRS Processing LLC's ("Defendant") Motion for Purging of Contempt (Doc No. 57).

1

## I. BACKGROUND

The underlying facts in this matter are set forth in this Court's prior orders (Doc. Nos. 16 and 24) and are incorporated by reference.

On January 5, 2018, this Court granted Plaintiffs' Motion for Default Judgment, finding that Plaintiffs' well-pleaded complaint sufficiently alleged defendant's liability for tortious interference of contract, unjust enrichment and money had and received, and acts constituting unfair and deceptive trade practices. (Doc. No. 16) (the "Default Judgment Order"). Relevant to these proceedings, the Court determined that in order to ascertain the extent of Plaintiffs' damages, additional information was necessary and a further evidentiary hearing would be held. Accordingly, the Court ordered Defendant to produce certain documents within thirty days. (Doc. No. 16). The Court additionally permanently enjoined Defendant from further communications with any consumer regarding accounts within the Santander Portfolio and from collecting or attempting to collect on accounts from the Santander Portfolio. (Doc. No. 16).

After Defendant failed to comply with the Court's Default Judgment Order, contempt proceedings were commenced and Defendant and its principal, Darryl Miller ("Miller"), were ordered to appear and show cause why they should not be held in contempt. Ultimately, Defendant and Miller were held in civil contempt for their failure to comply with the Default Judgment Order (Doc. No. 30). Defendant

and Miller were provided an opportunity to purge their contempt by, among other things, fully complying with and obeying the Default Judgment Order (Doc. No. 16) and disgorging any monies collected on the Santander Accounts or received from selling Santander Accounts from January 5, 2018 forward (the "Contempt Order"). (Doc. No. 30). The sanctions imposed by the Contempt Order were suspended while Defendant and Miller were given time to purge their contempt.

Based upon the representations of Defendant and Miller that their collection records regarding the Santander Accounts during the relevant time period were stored in a cloud based software, "Simplicity Collection Software," the Court additionally ordered Simplicity Payment Solutions LLC, a third party software provider, to produce access and activity logs during the relevant time period, including any deletions or modifications of the Santander Accounts or the Santander Portfolio. (Doc. No. 32). On November 5, 2018, the deadline for Defendant and Miller to purge their contempt was extended through November 15, 2018 (Doc. No. 38).

On December 14, 2018, Plaintiffs filed their Motion for Enforcement of Contempt Order and Request for Additional Sanctions (Doc. No. 41) and their Motion for Determination and Award of Damages and Attorneys' Fees (Doc. No. 43). On December 28, 2018, Defendant filed its Motion for Purging of Contempt (Doc. No. 57).

On September 22, 2019, the parties filed a Joint Stipulation of Damages. (Doc. No. 73). On September 23, 2019, an evidentiary hearing was held with regard to the pending motions. (Doc Nos. 41, 43, and 57).

## II. TESTIMONY AND EVIDENCE

The parties presented their evidence through affidavits, declarations and exhibits which were submitted with their respective motions and through live testimony at the September 23, 2019 hearing. Based upon the evidence presented, the Court makes the following:

## III. FINDINGS OF FACT

1. On January 5, 2018, this Court entered an order establishing the liability of Defendant but reserving the issue of damages. The Default Judgment Order additionally permanently enjoined Defendant from communicating with any consumer regarding accounts within the Santander Portfolio and from collecting or attempt to collect on accounts from the Santander Portfolio. (Doc. 16).

2. Additionally, the Court ordered Defendant to produce the following documentation within thirty (30) days to allow the Court and Plaintiffs sufficient information to ascertain the scope and appropriate amount of damages:

    (a) **Specific Santander Accounts**. Defendants must produce reports identifying all Santander accounts Defendant has acquired or collected on in the past 24 months. These reports should identify each consumer with the following: (1) their last name; (2) the last

4

four digits of their social security number; and (3) their corresponding Santander account number;

(b) **Related Documents**. Defendants must produce all documents related to their purchase of the Santander Accounts within the past 24 months. These documents include, but are not limited to, correspondence, bills of sale, and purchase documents;

(c) **Collection Documents**. Defendants must produce all records of their collection activities in respect to Santander Portfolio accounts. These records include, but are not limited to, notes, correspondence, and recordings of any calls with consumers;

(d) **Third Party Referrals**. Defendants must produce the identity of any third party, if any, who referred Santander accounts to Defendant for collection;

(e) **Santander Account Sellers**. Defendants must produce the identity of any person or entity that sold Santander accounts to Defendant by way of name, address, email, telephone, and website;

(f) **Copies of Santander Account Agreements**. Defendants must produce copies of each and every purchase or forwarding agreements for all Santander accounts identified; and

(g) **Accounting.** Defendant must make an accounting of all monies collected from any of the Santander accounts. This accounting must include monies collected by Defendant or their employees, contractors, affiliates, members, designees, owners, clients, or any other third party entity acting in concert with Defendant.

3. Defendant and Miller had actual notice of the Default Judgment Order, but they did not produce any documentation until just prior to the hearing on show cause.

4. On September 19, 2018, the Court held a show cause hearing, and on October 1, 2018, this Court entered a Contempt Order finding Defendant and Miller in

civil contempt of the Default Judgment Order. The Court additionally found that the information on the record established by clear and convincing evidence that: (a) Defendant and Miller had knowledge of the Default Judgment Order and continued to willfully violate the Court's Order; (b) that the information provided by Defendant through Miller on September 11, 2018 was false; and (c) that Miller had demonstrated a lack of candor at the September 19, 2018 hearing.

5. Defendant and Miller retained counsel on September 27, 2018. (Doc. No. 29).

6. By subsequent orders of this Court, Defendant and Miller were provided an opportunity to purge their contempt by, among other things, disgorging to Plaintiffs any monies collected on Santander accounts or received from selling Santander accounts from January 5, 2018 forward and by complying with the Default Judgment Order.

7. Based upon representations of Defendant and Miller that their collection records regarding the Santander Accounts during the relevant time period were stored in a cloud based software, "Simplicity Collection Software," this Court ordered Simplicity Payment Solutions LLC, a third party, to produce certain audit records regarding Defendant's use of the Simplicity Collection Software during the relevant period, including any deletions or modifications of the Santander Accounts or the Santander Portfolio. (Doc. No. 32).

8. On or about October 10, 2018, Simplicity provided a report detailing all accounts deleted by DRS Processing in the Simplicity software since October 19, 2015.

9. In direct contravention of the Default Judgment Order (Doc. No. 16), between January 18, 2018 and March 23, 2018, Defendant deleted the Simplicity Accounts from the Simplicity Collection Software.

10. On October 29, 2018, Miller was deposed as the 30(b)(6) designee of Defendant and pleaded the Fifth Amendment when asked, among other things, about Defendant's retention of documentation responsive to the Court's Default Judgment Order, when asked about deletion of records responsive to the Default Judgment Order, including the accounts stored in Simplicity, and when asked about collection of monies on Santander Accounts after the Default Judgment Order.

11. Defendant and Miller did not preserve documents subject to the Default Judgment Order. Instead, the Court finds that Defendant and Miller deleted documents and data, allowed data and documents to be deleted or destroyed, and failed to save from destruction electronic storage devices which contained records and documents which were responsive to the Default Judgment Order.

12. As a result of this spoliation by Defendant and Miller, Plaintiffs were left to calculate their damages in piecemeal fashion. While Plaintiffs have likely

underestimated their damages, their methodology of gathering information and calculating monies collected is trustworthy and Defendant and Miller have failed to present competent evidence to rebut the evidence presented by Plaintiffs.

13. Despite being permanently enjoined from doing so, Defendant and Miller continued to collect on the Santander Accounts after January 5, 2018. During that time period, Defendant and Miller collected at least $101,851.56 and the Court acknowledges that such amount likely underestimates the amounts actually collected.

14. Plaintiff presented evidence, by way of an August 28, 2019 recorded call from an individual stating that his company had recently purchased 300 Santander Accounts from Miller for $60,000. Despite notice of the call prior to the hearing, Defendant and Miller did not present any rebuttal evidence as to the call.

15. To date, Defendant has not disgorged any of the monies it collected on Santander Accounts since January 5, 2018.

16. Throughout these proceedings, Miller has displayed a lack of candor and has not been truthful with the Court, particularly as to when documents were deleted. Miller additionally has willfully disobeyed court orders, including the Court's Default Judgment Order and the Court's Contempt Orders.

17. Both Miller and Defendant have previously been held in civil contempt of the Default Judgment Order, including among other things, for failing to provide the information required and continuing to collect on the Santander Accounts when ordered not to do so.

18. The Court finds that Miller, as the principal of Defendant and its sole representative in this matter, is primarily responsible for the violations of the Court's orders and therefore, additional sanctions are necessary and appropriate and shall be imposed upon him personally.

19. Civil contempt is not capable of assuring Miller's further compliance with the Court's prior orders.

20. The parties have filed a Joint Stipulation as to Plaintiffs' entitlement to damages for the substantive claims in the complaint and to Plaintiffs' entitlement to attorneys' fees through September 19, 2019. (Doc. No. 73).

21. Plaintiffs' have incurred additional attorneys' fees and expenses from September 20, 2019 through October 7, 2019 in the amount of $13,685.98.

Based on these Findings of Fact, the Court makes the following:

## IV. CONCLUSIONS OF LAW

1. The Joint Stipulation of Damages filed with the Court (Doc. No. 73) is supported by the evidence of record.

2. The Plaintiffs' claim for attorneys' fees, including the additional attorneys' fees submitted by the Plaintiffs by Affidavit for the time period beginning September 20, 2019 and ending October 7, 2019, are compensable, fair and reasonable.

3. In the Contempt Order filed on October 1, 2018 (Doc. No. 30), the Court retained jurisdiction upon Defendant's and Miller's failure to purge themselves fully of civil contempt to levy a compliance fine against them and to grant such other and further relief as the Court would find appropriate.

4. The Court has authority to award Plaintiffs further sanctions against Miller personally for his acts and to award attorneys' fees and disgorgement of the monies collected by Miller after January 5, 2018.

5. Defendant and Miller destroyed and failed to preserve documents specifically ordered by this Court to be produced in its Default Judgment Order and Plaintiffs are therefore entitled to all negative inferences which can be drawn from such spoliation under this Court's inherent power to control the judicial process and litigation.

6. Moreover, Plaintiffs are entitled to all adverse inferences which may be drawn by Defendant and Miller's invocation of the Fifth Amendment at the deposition. The Fifth Amendment "does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to *probative evidence*

offered against them[.]" *Baxter v. Palmigiano*, 425 U.S. 308, 318, 47 L.Ed.2d 810, 821 (1976) (emphasis added).

7. Defendant and Miller have failed to provide sufficient evidence that they purged themselves of contempt.

8. Defendant's disregard for the Court's orders and failure to purge itself of contempt is attributed primarily to its principal, Miller, and the additional sanctions levied personally against Miller are appropriate and necessary.

9. Plaintiffs are entitled to recover as additional sanctions from Defendant and Miller a disgorgement of $101,851.56, said amount representing the monies collected after January 5, 2018.

10. Plaintiffs are additionally entitled to recover their attorneys' fees as additional sanctions against Miller.

11. When a defendant is unable or unwilling to purge his contempt, the punitive sanction of incarceration for criminal contempt may be more appropriate. *Taylor v. Blackmon*, No. 3:14-cv-00507-RJC, 2016 U.S. Dist. LEXIS 89543 at 5 (W.D.N.C. July 11, 2016).

12. Miller has willfully disobeyed the Default Judgment Order with respect to the deletion of records and with respect to his false representations to the Court as to the timing of the deletions.

13. Defendant and Miller had notice that Plaintiffs owned the Santander accounts. (Doc. No.16; Doc. No. 24). Nevertheless, Defendant, through Miller, continued to collect on the accounts through the course of this action and sell the accounts knowing that Defendant did not own the accounts even after this Court's Default Judgment Order. Said acts were willful and malicious and caused significant damage to Plaintiffs as set forth herein. As such, the Courts' award against Miller individually and in favor of Plaintiffs is not dischargeable under 11 U.S.C. §523 of the United States Bankruptcy Code.

Based on the foregoing Findings of Fact and Conclusions of Law

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs Cascade Capital, LLC and Cascade Capital, LLC-Series A have and recover Judgment against Defendant DRS Processing LLC d/b/a Miller Stark Klein & Associates in the amount of $2,500,000.00, that the damages be trebled pursuant to N.C. Gen. Stat. §75-16, and that Plaintiffs be awarded their attorneys' fees in the amount of $189,466.42 ("Plaintiffs' Attorneys' Fees"), and interest at the legal rate from the date of this judgment;

2. Plaintiffs Cascade Capital, LLC and Cascade Capital, LLC-Series A have and recover Judgment for sanctions against Darryl Miller individually in the amount of $291,317.98. Any payment received by Plaintiffs from Miller

shall be treated as a setoff against the Judgment entered in favor of Plaintiffs against Defendant;

3. The Defendant and Miller shall disgorge to Plaintiffs the sum of $101,851.66, said amount representing the post January 5, 2018 payments received by Miller and Defendant;

4. This matter is referred to the United States Attorney's Office for the Western District of North Carolina for the determination of criminal contempt and other proceedings as to Darryl Miller personally and specifically with respect to the following: (a) Miller's willful disobedience of the Court's Default Judgment Order and the deletion of records responsive to that order; (b) Miller's false statements to the Court with respect to the timing of the deletion of such records; and (c) the August 28, 2019 phone call received by Plaintiffs dealing with collection activity and/or selling of accounts in violation of the Court's orders with respect to default and contempt; and,

5. The Court maintains jurisdiction to consider the award of additional attorneys' fees incurred by Plaintiffs since the filing of their Affidavit of Attorneys' Fees on October 7, 2019.

Signed: October 23, 2019

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge